13-0033, Jack Taylor v. Lemans Corporation Thank you. Those who are going to orally argue, please approach the podium and introduce yourselves to the court. Good morning, Your Honor. My name is Ronald Payne. I represent the defendants in this matter. Mr. Payne. Good morning, Your Honor. My name is Jeffrey Schwartz. I represent the plaintiff, Jack Taylor, in this matter. Mr. Schwartz. Okay, both sides will have 15 minutes to orally argue. Appellant, you must reserve from your 15 minutes the portion that you'd like to have for rebuttal. I'd like to reserve four minutes. Okay. Well, we're pretty liberal. You're the only case this morning. I hope that I don't have to cut you off. But if you should go over a little bit, don't worry about it. But don't push it. Thank you. Okay, we'll hear from the appellant first. Thank you. Thank you, Your Honor. Good morning. May it please the court? We're here this morning on a forum nonconvenience case and specifically the denial of a motion of transfer from Cook County to Bureau County. The standard of review in these cases, as the court knows, is the abuse of discretion standard. And that has been stated as the standard of no reasonable person would adopt the view taken by the court. In this case, we believe that the abuse of discretion has occurred in two different ways, both procedurally as well as in the analysis of the circuit court. First, the court's written opinion is evidence that it's clear that the court misapplied the applicable balancing test. The test is supposed to be a careful weighing of all the factors in a case and then for determination of whether the totality of the factors weighs substantially in favor of the transfer to the more convenient forum. And we think it's clear if you look at the wording of the circuit court's decision, each time the court evaluated the individual factors, it then weighed the individual factor against the plaintiff's choice of forum individually. And in that situation, upon finding that each individual factor did not weigh substantially in favor of transfer, then the circuit court moved on to the next factor. Isn't it cumulative? I mean, the court is obliged to, under the mechanism that's applied here, to look at every single one of the criteria, which the court did. You know, the court covered everything, didn't it? Well, it did look at each factor, but Your Honor is right in noting that it's cumulative. It's kind of like the blind men that look at the elephant. If you look at a single piece of it, you're not getting a full picture of the totality. But the court did it piece by piece and then you put it together and the court said, you know. But that's not what the court did. The court didn't weigh the totality of the factors. The court weighed each individual factor against the deference to the plaintiff. And the case law has made clear that the deference to the plaintiff is one of the factors to be weighed in deciding the totality of the circumstances. In this case, instead of weighing all of the factors against the plaintiff's deference, it's weighed individual factors. I don't understand how you can do this without putting them all together at some point. That's the point I'm making. That's what the circuit court is supposed to do, is to put them all together at one point. And the plaintiff, because he didn't do it in the place where the occurrence was, didn't have the highest support of the venue choice. The court was very careful in how it parsed this out. It was very even-handed. Well, I disagree, Your Honor. I believe that it did state that it was going to give a reduced deference to the plaintiff based upon it not being the location of the accident, not the location of where the plaintiff is from. And, in fact, there is nothing connecting Cook County to the case. So it should. But that doesn't mean that you give no deference. I'm not saying that it should give no deference. You can decrease the deference, but the case law is such that it doesn't mean that there's no longer any deference. And I've never argued that no deference should be given to the plaintiff. I simply am indicating on a sliding scale that with no connections to the county, the plaintiff's choice of form should be given the least amount of deference. And I'm indicating that when you individually weigh one factor against a deference, then the next factor against a deference, of course. What was the best reason for it not to be in Cook County, Your Honor? Well, that's moving on to the analysis of the different factors. And if you look at the factors, I do believe that they weigh in favor of transfer. In the first factor, you have the convenience of the parties. And in this factor, the court indicated that it doesn't weigh in favor of transfer. Now, the two parties that we have involved in this case is LeMans Corporation, their Wisconsin Corporation. As the court noted, it's approximately equidistant between there. Taking aside other factors that would be inconvenient to the travel to Cook County compared to Bureau County, you still look at the other defendant. And with Gibbs Motor Corporation, they're located in Whiteside County, which is 50 miles from Princeton as opposed to 130 miles to Chicago. And that is clear if you have one defendant that's equidistant and another defendant that has to more than double the distance, that obviously that factor weighs in favor of transfer. Wasn't this really a situation where everybody was inconvenienced? You had all these counties involved. The plaintiff, the occurrence wasn't even in the county that he lived in. True, Your Honor. And that gets to the next factor. The next factor looks at the access to the other evidence, including the testimony. And in this case, as the plaintiff and the court pointed to Ammerman and prior cases on that, the rule is that if you have a mixture of different counties, witnesses from different counties, that the court won't abuse its discretion in transferring. But when you look at Ammerman compared to our case, at least in Ammerman, there was substantial connections to Cook County, including a month's worth of medical treatment, six different surgeries that occurred in Cook County, and different factors that have made Cook County a factor. Whereas in this case, we do have several different counties involved in the case, but none of them touch Cook County. And so therefore, you know, the Ammerman tests and the cases before it don't say that if you have several different counties involved, it's appropriate to pick a completely unrelated county to fix yourself. As to inconvenience, it's my understanding that there were no affidavits supplied by you from any testifying individual that there would be inconvenience in Cook County. Well, the standard does. Am I correct on that? Yeah. We did have an affidavit from Gibbs Racing or Gibbs indicating that he does business in Bureau County, not in Cook County, but he didn't say it was inconvenient. However, under costs. Don't you think that would have strengthened your case? I don't know if it would have swayed the circuit court either in any way. Well, it was a fact. I mean, the trial court, the court below just can't manufacture that and buy that without an affidavit. And we certainly can't consider it without being part of the record. Well, with all due respect, Your Honor, the rule states that these motions can be supported. It doesn't say that they have to be supported by affidavit. And in addition, under costs, which came out recently, that's lent some support to the idea that it is a circuit court can still analyze distances without having to have an affidavit from each and every single witness stating that it's more inconvenient. When you analyze the distances in this case, there is not a single witness that's closer to Cook County than is Bureau County. The distance doesn't alone bear on inconvenience. It may very well, for example, I reside far north, far north. I could get to South Cook County, round trip to my house, 100 miles. I could get there and back faster every day than driving from my home to Chicago, downtown, and Chicago back. And that's far less miles. It's about half the miles. Well, in this case, we would be asking witnesses as well as parties to How else but an affidavit can explain that? So for inconvenience, I think your failure to have an affidavit is a pretty heavy deficiency. It is a deficiency in this case, Your Honor. But looking at it now, we do have the recent ruling in cost, which states that affidavits are not necessary. And you can still examine the relative distances. If this was a case of 80 miles versus 100 miles, that would be one thing. But this is situations where we have witnesses that would have to travel 50 miles versus 204 miles. And I do think that even without an affidavit, you can compare those distances. But what I think is more significant in this case is the dismissal of the necessity of viewing of the site And I think in this case that the circuit court took the standard from Ammerman and other cases from the 5th District that with products liability cases, the need for a site visit is diminished. And I understand in a case such as Ammerman where we have a forklift on a flat parking lot being used, this court indicated that the forklift could be brought downtown to Chicago. There's no external factors. There's no environmental factors that are really going to affect the operation. The same thing in cases that it bases its ruling on, such as Brown, where the manufacturer of an auto hauling trailer was sued. And there was no environmental factors. It just had to do with the operation of the trailer. Same thing in Henshaw where that was a motor vehicle accident. In that case, there was products liability cases brought, but the drunk driver that was brought as far as the motor vehicle accident settled out, and so therefore a site visit was unnecessary. But there's nothing at all that involves, and they're not in the action, the motor cross track itself. And the concentration of this case is solely on that wheel. Well, that's, I think that the, I want to talk about the products liability more when it relates to the public factors, but as it relates to the wheel, you're taking away significant defenses of the defendant. Defenses of product liability cases include not only the comparative negligence of the plaintiff, but also misuse of the product as well as assumption of the risk. And in this case, we have a plaintiff who went to an off-road course. It's licensed in Walnut, Illinois. It's covered several acres. It has tracks running through trees, running through streams. And I think that a viewing by a jury is going to be much more significant than such a case as Ammerman where you don't have the environmental factors. The proximate cause, though, which is the only thing that you could attribute proximate cause to is the wheel's condition itself according to the way I read the pleadings. How do you read it? You know, I look at that this is an early part of the case, and at this point when you do a forum non-convenience motion, you're not supposed to fully develop everything. I do believe that a site viewing is necessary, and I believe it's completely premature. When you look, Ammerman doesn't say that site viewings are unnecessary. It says that they may be diminished. In prior cases such as Dowdy, it says that you need to view each case individually by the different factors. That's correct. In the appellee's brief, I thought you said that-I'm sorry. I lost my train of thought. Go ahead. It'll come here. Well, this incident occurred in 2010. Oh, I'm sorry. Does that refresh your-okay. They said the condition of the track could change, would have changed. They say it could change, but they don't say that it has. I don't know if it has or not. That's going to be something that will be developed during the discovery of the case, and that certainly will be a question of what location on this track did you have your accident? Has it changed since then? I can't find that until I depose the plaintiff, and that's something that I'm not going to be able to find out until further on in discovering the case. We're at the beginning. Now, I don't want to abuse the Court's allowance of me taking too much time, but I did want to mention, as to product liability cases on the public factors, I think that Ammerman has been read too broadly. I do think that when you have a product liability case, it is an argument that both counties have an interest in the litigation. However, I do believe, based on the prior Supreme Court cases, such as Dowdy, it states clearly that the location of the accident has the most. And just because a pleading has been done to indicate the product liability, it just means that Cook County has an interest. But Bureau County has a greater interest, and we're looking at the relative interest of these counties. But on that basis, this is a specific item that's bought nationally, and so the county that it occurs in, the only thing that the purchaser wants to know is that it's merchantable and that it's not going to fail depending on what it hits. That might be the case. Whether it's a motocross track or a curb on a Chicago street. That might be the case with this, and as best as case, but when you're talking about a person who's installed, and you can look at the plaintiff's pleadings, he installed the tire himself and he rode it on this off-road track in Walnut, where the conditions are going to be highly relevant to the use of the product. Those would be future things to look at, but for right now we're talking about where does this case belong? Well, you know, no single factor should predominate these things, and when you say the product liability completely obligates the need for a site visit, when you say that it completely washes out the different public factors in the case, that overinflates the importance of the fact that it's a product's liability case and diminishes all the other factors in this case. I would like to reserve a couple minutes. Thank you. Mr. Schwartz, you may proceed. Thank you. As I believe is expressed clearly in our brief in this matter, what we're really looking at here is an abusive discretion standard, and therefore the only thing the court should be analyzing is whether or not the trial court abused its discretion in denying the defendant's motion for transfer pursuant to forum nonconvenience. Both parties agree that this is an abusive discretion standard. The courts have noted that an abusive discretion will occur only when the court refuses to use conscientious judgment, ignores recognized principles of law, or acts arbitrarily. And in this case, the trial court issued a 10-page ruling on this matter after reading all the briefs and analyzing all the evidence in this case. I don't think that it can be said that the trial court abused its discretion. I don't think it can be said that they acted arbitrarily or refused to use conscientious judgment. Obviously, the trial court issued a well-thought-out opinion after analyzing all the factors and determined that this matter should favor the plaintiff and that this should remain in Cook County. With regard to a great many of counsel's arguments, many of them were not presented. I should say the arguments in the briefs, not what was addressed today, but many of the arguments that were addressed in these briefs were never presented at the trial court level. And it can't be considered an abusive discretion for the trial court to fail to appreciate arguments that are never raised. It's not the trial court's job to help the party with the burden in a motion. It's the movement's job to provide the evidence to prove that the case should be transferred. And the court found that the defendant failed to meet their burden in this matter. There was, as stated by Justice Harris, an incomplete record here. So it puts more of the burden on the court to try and figure out how this is being handled. Well, I apologize. As far as an incomplete record, I think that, frankly, the only thing that's missing from the record is the answer that was filed by the defendants. There are issues raised about the site necessity and about how in the future they may want to bring in a premises case. That was never pled. The motocross course is not a defendant. Again, back to the original point, the court can only consider the arguments that are brought before it when it renders a decision. And it's not an abusive discretion to rule based on what's presented before it. And that's exactly what happened here. The court afforded the plaintiff the proper deference in this case. As the case law says, as Justice Harris pointed out, a substantial deference is given to plaintiffs in a form not convenient to the matter. And when they don't live in the county in which they filed their case, it is reduced, but that's not synonymous with no deference. And in the defendant's briefs, despite what counsel said, I believe they afford the plaintiff no deference in this matter. And I believe that the trial court afforded the plaintiff the proper deference, and when weighing the deference afforded the plaintiff to the arguments presented by the movement, properly found in favor of the plaintiff. I don't really have much else to argue about. You're not obliged to say anything further. Unless the court has any questions or requires any clarifications, I believe we'll rest on that. Thank you, Mr. Schwartz. Thank you very much. Mr. Payne, your strongest points at this juncture would be appreciated. I'll be brief. These cases are decided under abuse of discretion standard, but it's obvious that when we are reviewing decisions of circuit courts where we have respected judges making decisions, that we believe those judges to be reasonable. It doesn't mean that we can't have someone to disagree. The fact is, is that the mere idea that we've ever had any of these decisions overturned by the circuit court is that... I'm going to repeat a question I asked you earlier, and you told me you were going to get to it. Yes. What is the strongest reason that you can muster as to why the circuit court erred in not transferring this out of Cook County? We believe that the location of the accident was in Bureau County. We believe that there is no connection to Cook County. The location of the accident has been stated by the Supreme Court as one of the most important things. The emergency personnel are from Cook County. The medical treaters are from Bureau County, from Peoria County. The witnesses are from Bureau County and Fulton County. There is no connection whatsoever to Cook County in this case. Bringing it across the state to bring the case is clearly something wrong. But the question of what the conclusion of what I'm listening to Justice Harris say is, what's the effect of that? The effect of is the convenience on the litigation of this matter, the access to the witnesses, the availability for the defendants. Both these matters should have been decided in favor of the plaintiff. Even if they weighed everything in the end as a totality in favor of the plaintiff's choice of forum, it's clear that the convenience of the defendants and the access to the evidence favors a location in Bureau County. We've already discussed the site inspection, which favors Bureau County, and we believe it is necessary. I've discussed a little bit about the public factors as well. But the hallmark of forum jurisprudence is fairness. And fairness is what we're looking at with the balancing test. And each of the different factors, they look at the equities of the case. And that's why these cases involve a look at an analysis of individual facts in each case. And while the decisional law gives us definite guidelines to abide by to compare our results to, in a case like this, you don't have prior cases that are exactly with these facts. These products liabilities cases, Ammerman and other ones like it, they always had something that connected it to Cook County. Here we don't have anything. There's not going to be any evidence that comes from Cook County. LeMans Corporation is a distributor. They get their product from Gibbs Racing. Gibbs is located in Whiteside County. They're an importer. These products come from China. So the idea that we're going to find any evidence in Cook County is just wrong. And it's not fair. And we believe that the balancing of these factors. Fairness is never mentioned in the cases. Fairness, what is fair, is a very subjective determination, usually greatly influenced by the person advancing  In informed nonconvenience cases, we are bound by such cases as Dowdy v. Union Pacific, 207 Illinois 2nd 167, stating that the trial court abuses its discretion when no reasonable person would take the view adopted by the trial court. And we have a trial court that determined informed nonconvenience and before it had no affidavits whatsoever from any individual setting forth inconvenience in having this case heard in Cook County, which in my opinion strongly suggests, sir, that the trial court did not err. Do you want to make a concluding statement, sir? So again, to get to the conclusion, you state about where the locations are, but again, what's the effect of it? So take a look at the private interest factors, the relative ease of access to sources of testimonial documentary and real evidence, and all other practical problems, for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of unwilling witnesses,  so are you arguing that those standards weren't met by the trial court in determining? No, Your Honor. I think it's clearly not met, especially with the first factor, the convenience of the parties. As clear, one party's equidistant, so we can set that aside. If you look at Mr. Gibbs, he is located 50 miles from the site of the accident and from Princeton, Illinois, where Bureau County is seated, and he's located 132 miles. For the court to say that that factor weighs in favor of the plaintiff's choice of form completely goes against that fact of the distance. Same thing for the witnesses. None of them are closer. Most of the distances are triple for them to have to travel into Chicago. If you take a look at Rule 206H, it permits the remote electronic means of deposition. You can take a deposition remotely, in this case, in any one of those counties using video, and you follow the provisions of 206, and so people aren't going to have to be driving back and forth all the time to do these things. Well, perhaps we haven't caught up to that technology yet. The technology exists. The rules have been in existence. Be that as it may, Your Honors, we believe that this case belongs where the accident happened in Bureau County. Thank you, Mr. Schwartz. Excuse me. Okay, we'll be taking this case under advisement. Court is adjourned.